UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. _____
***ELECTRONICALLY FILED***

**LILY BISCHOFF**  **PLAINTIFF**

-vs-

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**  **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

Comes now the Defendant, State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), by and through counsel, and for its Notice of Removal herein and states as follows:

1. That this Defendant hereby exercises its rights under the provisions of 28 U.S.C §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446 of the United States Code, to remove this action from the Circuit Court of Campbell County, Kentucky in which such action is now pending.

2. That the Plaintiff filed this civil action on October 28, 2020, in Campbell Circuit Court, Commonwealth of Kentucky, styled <u>Lily Bischoff v. State Farm Mutual Automobile Insurance Company</u>, Civil Action No. 20-CI-00808, as a result of the handling of a bodily injury claim arising from a motor vehicle accident that occurred on or about January 16, 2012, in Cincinnati, Ohio.  The Plaintiff, a minor at the time, submitted a claim to this Defendant for payment of underinsured motorist coverage (UIM) under a policy of insurance issued by this Defendant to her parents, Ron and Tracy Bischoff, more specifically identified as policy number 022 1222-A0-17G.  The Plaintiff ultimately settled that underlying UIM claim, after which she filed the

subject action, alleging that State Farm acted in bad faith in the investigation, evaluation, negotiation and overall handling of the resolved UIM claim under both the Kentucky Unfair Claim Settlement Practices Act (K.R.S. 304.12-230 and K.R.S. 304.12-235) and the common law.[1]

3. That this notice of removal is timely filed under U.S.C. §1446, having been filed less than one year from the date of the commencement of the action and within thirty (30) days of the receipt of the Plaintiff's Supplemental Response to Request for Admission, on May 3, 2021, rendering this case removable.[2]

4. That based upon information and belief, at all relevant times, the Plaintiff is and was a resident of the Commonwealth of Kentucky.[3] There are no facts on the records that the Plaintiff took up a new residence at a new domicile. The Plaintiff therefore are, as of the commencement of this action, considered to be domiciled in Kentucky pursuant to Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir. 1968).

5. That the Defendant, State Farm, is currently, and was at the commencement of the action, a mutual insurance company incorporated and organized under the laws of the state of Illinois, where it maintains its principal place of business. It is therefore considered a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c).

6. That there is complete diversity of citizenship between the Plaintiff and the Defendant. Plaintiff being a citizen and domiciliary of the Commonwealth of Kentucky, and the Defendant being a citizen of the state of Illinois.

7. That under 28 U.S.C. §1332(a), a federal court has original diversity jurisdiction over a

---

[1] See attached record of the Campbell Circuit Court, attached hereon as **Exhibit A.**
[2] See Plaintiff's Supplemental Response to Request for Admission, attached hereto as **Exhibit B.**
[3] See numerical paragraphs 1-2 of the Plaintiff's Complaint attached hereto as **Exhibit C.**

matter where the suit is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of costs.

8. That under federal law, a claim is eligible for removal when the matter in controversy exceeds the Court's jurisdictional threshold of $75,000. The Defendant tendered requests for admission to the Plaintiff, in which Defendant, State Farm, requested that the Plaintiff admit that the amount in controversy for their subject bad faith claim and Kentucky Unfair Settlement Practices claims exceeds $75,000.[4] On May 3, 2021 the Plaintiff provided a supplemental response to those requests, wherein she admitted that the amount in controversy before the Court for the subject bad faith claims, now exceeds $75,000.[5]

9. That under 28 U.S.C §§1441, 1446, a Defendant may remove an action filed in state court to the federal district court in which the state court where the action was originally brought sits, provided that it could have been initially been brought in federal court and that under the foregoing provisions of the Untied States Code, this Court has original diversity jurisdiction over this matter as diversity of citizenship exists and the amount in controversy exceeds the minimum jurisdictional threshold of $75,000, based upon the allegations of the Plaintiff's Complaint and the admissions in the Plaintiff's Response to Requests for Admission.

10. That pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Kentucky, at Covington, as the district and division embracing the Court where the Civil Action No. 20-CI-00808, <u>Lily Bischoff v. State Farm Mutual Automobile Insurance Company</u>, is now pending—Campbell Circuit Court, Campbell County, Kentucky.

11. That the Defendant State Farm, does hereby remove this cause of action from the Circuit

---

[4] See Defendants Request for Admission to the Plaintiffs, attached hereto as **Exhibit D.**
[5] See Defendants Plaintiff's Supplemental Response to Request for Admission, attached hereto as **Exhibit B.**

Court of Campbell County, Kentucky, to the United State District Court for the Eastern District of Kentucky at Covington.

12. That written notice of the filing of this notice of removal has this day been given to all parties to the action as required by law and a true copy of this Notice of Removal has this day been mailed to the Clerk of the Circuit Court of Campbell County, as required by law.

WHEREFORE, the Defendant prays that this action be removed to this Court and that this Court accepts jurisdiction of this action. The Defendant further prays that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally initiated in this Court.

Respectfully submitted,

*/s/ Darrin W. Banks*
Darrin W. Banks
Attorney for: State Farm Mutual Automobile Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC
P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-314-0417
dbanks@psbb-law.com

**CERTIFICATE OF SERVICE**

On May 21, 2021, I electronically filed this document through the ECF system, which will send notice of electronic filing to:

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Attorney for the Plaintiff*

Hon. Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Attorney for the Plaintiff*

                                               */s/ Darrin W. Banks*
                                               Darrin W. Banks