COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
DIVISION _____
CASE NO. _20-CI-808_

**Lily Bischoff**                                          **PLAINTIFF**
3728 Lisa Lane
Alexandria, KY 41001

vs.

**State Farm Mutual**                                      **DEFENDANT**
**Automobile Insurance**
**Company**
One STATE FARM Plaza
Bloomington, IL 61710

 Serve:
  **PROCESS AGENT:**
  **Corporation Service Company**
  **421 West Main Street**
  **Frankfort, KY 40601**

---

## COMPLAINT

---

Comes now the Plaintiff, Lily Ann Bischoff, by counsel, and for her Complaint against the Defendant, State Farm Mutual Automobile Insurance Company and in support of the same, states as follows:

1.      That Plaintiff, Lily Bischoff, is and was at times relevant herein, a resident of Kentucky.

2.      That upon information and belief, Defendant State Farm Mutual Automobile Insurance Company ("STATE FARM"), at all times relevant herein, maintains headquarters in Illinois. STATE FARM holds a Kentucky Certificate of Authority and is authorized to do business in the Commonwealth of Kentucky.

> EXHIBIT
> A

Package 000003 of 000008

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

Package 000003 of 000008

3.    That as the amount in controversy is in excess of the jurisdictional minimum, Campbell
County has both proper jurisdiction and venue.

4.    That on or about January 16, 2012, Lily Bischoff was a passenger in a vehicle owned by
Alan Straman, traveling westbound on Delhi Road in Cincinnati, Ohio which was involved in a
collision.

5.    That collision was the fault of the other driver ("tortfeasor").

6.    That at all times pertinent hereto, Lily Bischoff acted in a reasonable and prudent manner.

7.    That as a result of the crash, Lily Bischoff sustained serious personal injuries including
but not limited to damages to her bones, joints, tendons, muscles and the nerves of her upper and
lower back, resulting in multiple spinal surgeries and the likelihood of additional surgeries.

8.    That as a result, Lily Bischoff incurred past and future medical expenses, pain and
suffering, and permanent limitations.

9.    That tortfeasor's carrier acknowledged liability and settled Plaintiff's claims for
insurance policy limits on or about December 17, 2014.

10.    That the policy limits of tortfeasor's policy were not enough to compensate the Plaintiff
for her injuries.

11.    That at all pertinent times, Defendant STATE FARM was in the business of selling
insurance contracts, including UIM coverage.

12.    That at all pertinent times Defendants STATE FARM maintained a contract for insurance
with Ron and Tracy Bischoff (Policy No. 022 1222-A05-17G). The policy was a Kentucky
Insurance Policy, and the Bischoff's were Kentucky residents. The policy provided, among
other things, Underinsurance Coverage (UIM) in the amount of $50,000.00.

Package : 000004 of 000008

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

Package : 000004 of 000008

Filed        20-CI-00808        7/28/2020        Taunya Nolan Jack, Campbell Circuit Clerk

13.    That Plaintiff was and is beneficiary of the UIM policies of STATE FARM and is therefore entitled to the insurance proceeds on both UIM policies maintained by the Defendant.

14.    That Plaintiff filed her initial cause of action against STATE FARM on January 7, 2015 in a timely manner. (Hamilton County Court of Common Please Case No. 1500097). The case was voluntarily dismissed by Plaintiff pursuant to Ohio Rule 41(a)(1)(a) on March 10, 2017. The case was re-filed on February 9, 2018 against STATE FARM.

15.    That the Plaintiff is a member of a protected class of individuals whose injuries are the kind the statutes were enacted to prevent.

16.    That Plaintiff, Lily Bischoff, through counsel, provided STATE FARM with sufficient proof of the negligence of the tortfeasor and damages to the Plaintiff resulting from said negligence.

17.    That STATE FARM had a duty to act in good faith to fairly and reasonably effectuate settlement with the Plaintiff as a result of the injuries she sustained in the subject motor vehicle wreck.

18.    That Plaintiff, Lily Bischoff, through counsel, attempted n good faith to settle the claim for the policy limits of $50,000.00 through multiple demands repeatedly sent to STATE FARM, including specific demands within policy limits sent in 2015 and in July, 2019.

19.    That STATE FARM refused to extend a good faith offer of settlement taking into account Lily Bischoff's full damages when, STATE FARM offered substantially less than policy limits on multiple occassions.  Upon substantial delay, merely days prior to the second scheduled trial date of December 9th, 2019, STATE FARM offered the policy limits of $50,000.00 to Lily Bischoff on December 5th, 2020.

20.    As a result of STATE FARM's low offers, Lily Bischoff was forced to prepare for trial.

Package : 000005 of 000008        Presiding Judge: HON. JULIE REINHARDT WARD (617222)        Package : 000005 of 000008

21.     Defendant, STATE FARM, knew not offering its limits pre-suit put it at risk of an excess judgment.

22.     STATE FARM's actions were a conscious course of conduct firmly grounded in established company policy.

23.     That the acts and omissions of STATE FARM, as previously mentioned herein, constituted a blatant refusal to act in good faith to settle the Plaintiff's bodily injury claim.

24.     That the acts and omissions of STATE FARM, as previously mentioned herein, constituted several violations of the Unfair Claim Settlement Practices Act, KRS 304.12-230 *et seq.*, specifically with regard to the following provisions:

> 1.  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies (KRS 304.12-230(3));
>
> 2.  Refusing to pay claims without conducting a reasonable investigation based upon all available information (KRS 304.12-230(4));
>
> 3.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claims where liability has become reasonably clear (KRS 304.12-230(6)).
>
> 4.  Compelling an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (KRS 304.12-230(7)).

25.     That STATE FARM's delay in settling the underlying claim in good faith lacked a reasonable basis in law or fact.

26.     That STATE FARM's failure to make a timely, good faith attempt to settle Plaintiff's claim was a violation of KRS 304.12-235 and without reasonable foundation.

Package 000006 of 000006

Presiding Judge HON. JULIE REINHARDT WARD (617222)

Package 000006 of 000008

27.    That STATE FARM's conduct warrants a punitive damage award.

WHEREFORE, the Plaintiff asks this court as follows:

1.  A trial by jury;

2.  Judgment against STATE FARM in favor of Plaintiff, Lily Bischoff, in an amount
    in an excess of the jurisdictional limits of this Court, said amount to be that which
    is determined as being fair and reasonable by all the evidence, for the following
    elements of damages:

    a. Damages for embarrassment, humiliation, inconvenience, mental anguish,
       and pain and suffering resulting from STATE FARM's conduct;

    b. Punitive damages as proven at trial against STATE FARM for its
       intentional and/or reckless disregard of Lily Bischoff's rights.

3.  Any and all consequential damages incurred;

4.  Costs herein expended;

5.  Pre-judgment and post-judgment interest;

6.  Attorney fees and court costs reasonably incurred or expended; and

7.  Any and all other relief that the Court deems just and proper.

Respectfully Submitted,

/s/ Kyle R. Sayler
Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Tel: 606-789-1135
Kyle.salyer@kentuckycourage.com

Package: 000007 of 000008

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

Package: 000007 of 000008

/s/ Martin S. Summe
Martin S. Summe
**Summe & Summe, PSC**
19 West Eleventh Street
Covington, KY 41011
Tel. (859) 491-2593
Fax (859) 479-0188
*Attorneys for the Plaintiffs*

Package : 000008 of 000008

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

Package : **000008 of 000008**

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02, Cr Official Form 1



**CIVIL SUMMONS**

Case #: **20-CI-00808**
Court: **CIRCUIT**
County: **CAMPBELL**

---

*Plantiff,* **BISCHOFF, LILY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO,** *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORTFURY, KY 40601**

Memo: Related party is STATE FARM MUTUAL AUTOMOBILE INSURANCE CO

The Commonwealth of Kentucky to Defendant:
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **10/28/2020**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

Serve _____

Tit _____

Summons ID: @00000193377
CIRCUIT: 20-CI-00808 Certified Mail
BISCHOFF, LILY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO

Page 1 of 1

*eFiled*

Filed          20-CI-00808      /28/2020       Taunya Nolan Jack,    npbell Circuit Clerk

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00808**<br>Court:  **CIRCUIT**<br>County: **CAMPBELL** |

*Plantiff*, **BISCHOFF, LILY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**, *Defendant*

### TO: **CORPORATION SERVICE COMPANY**
### **421 WEST MAIN STREET**
### **FRANKFORTFURY, KY 40601**

Memo: Related party is STATE FARM MUTUAL AUTOMOBILE INSURANCE CO

The Commonwealth of Kentucky to Defendant:
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **10/28/2020**



N. JULIE REINHARDTWARD (617222)



| AOC-E-105<br>Rev. 9-14 | Sum Code: CI | | Case #: **20-CI-00808** |
|---|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | |  | Court:   **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | | | County:  **CAMPBELL** |

## CIVIL SUMMONS

*Plaintiff,* **BISCHOFF, LILY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO,** *Defendant*

TO:  **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**
     **ONE STATE FARM PLAZA**
     **BLOOMINGTON, IL 61710**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **10/28/2020**



JULIE REINHARDT WARD (617222)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or oth



| AOC-E-105    Sum Code: CI | | Case #: **20-CI-00808** |
| Rev. 9-14 | | Court:  **CIRCUIT** |
| Commonwealth of Kentucky | | County: **CAMPBELL** |
| Court of Justice    Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* BISCHOFF, LILY VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO, *Defendant*

TO:  **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**
      **ONE STATE FARM PLAZA**
      **BLOOMINGTON, IL 61710**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **10/28/2020**

JULIE REINHARDT WARD (617222)





U.S. Postal Service

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

State Farm Auto
Ins.

20-CI-808   Div 1

9590 9402 5266 9154 2452 72

2. Article Number *(Transfer from service label)*

7019 2970 0001 9039 6793

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
NOV 0 2 2020

Mike Jacobs ID

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

NOV 0 4 2020

TAUN          JACK CLE
BY

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation™
                                     ☐ Signature Confirmation
(over $500)                            Restricted Delivery

Domestic Return Receipt

FILED
CAMPBELL CIRCUIT/FAMILY/DISTRICT

NOV - 9 2020

TAUNYA NOLAN JACK, CLERK
BY _____ D.C.



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm
c/o Corp. Service Co.
20-CI-808

9590 9402 5266 9154 2452 65

2. Article Number (Transfer from service label)

7019 2970 0001 9039 6786

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

FILED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
NOV - 9 2020
TAUNYA
FRANKFORT

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808
**ELECTRONICALLY FILED**

LILY BISCHOFF                                                              PLAINTIFFS

–vs–

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                     DEFENDANTS

---

### ANSWER OF STATE FARM MUTUAL
### AUTOMOBILE INSURANCE COMPANY

---

Comes now the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter, "State Farm"), and hereby answers the allegations of the Plaintiff's Complaint herein as follows:

### FIRST DEFENSE

That the Complaint fails to state a claim for relief against this Defendant for which this Court can grant relief under Kentucky law.

### SECOND DEFENSE

That the Complaint against this Defendant is barred by reason of the Plaintiff's failure to mitigate damages.

### THIRD DEFENSE

That this answering Defendant expressly denies that it has committed or acted in bad faith towards the Plaintiff and affirmatively states that at all times it has acted in good faith toward the Plaintiff and this good faith handling of the Plaintiff's claim is a total bar to this action.

### FOURTH DEFENSE

That this answering Defendant states that there were and are fairly debatable issues of fact and/or opinion and/or law which have resulted in legitimate difference of opinion between the parties regarding liability for the damages claimed by the Plaintiff and which prevented the conclusion of the claim and prevent the maintenance of an action against this Defendant for bad faith or violation of the Unfair Claims Settlement Practices Act and punitive damages.

### FIFTH DEFENSE

That this answering Defendant pleads each and every provision set forth in KRS 411 as a complete and affirmative defense to this action.

### SIXTH DEFENSE

That this answering Defendant relies upon those affirmative defenses contained within C.R. 8.03, including but not limited to res judicata, waiver, accord and satisfaction, estoppel, payment, release and discharge, statute of limitations, contractual limitations, and any other affirmative defenses found to be applicable to this claim.

### SEVENTH DEFENSE

That as an affirmative defense this Defendant states that all decisions made by the Defendant in the handling of the subject claim were made with a reasonable basis and this good faith, reasonable basis for all claim decision is an affirmative defense to the claims of the Plaintiffs.

### EIGHTH DEFENSE

That as an affirmative defense, this Defendant relies upon each and every term, provision or clause contained in the Kentucky Motor Vehicle Reparations Act (K.R.S. 304.39 et seq.), Kentucky Underinsured Motorist Act (K.R.S. 304.39-320) and\or the Kentucky Insurance Code as codified in the Kentucky Revised Statutes and\or the Kentucky Administrative Regulations.

### NINTH DEFENSE

That, in the alternative and based upon the claim arising from an automobile accident occurring in Ohio, this Defendant relies upon the law of Ohio relative to the claim handling activities of this Defendant, as if set out at length herein, as it pertains to either common law or statutory bad faith.

### TENTH DEFENSE

That, to the extent applicable, this Defendant incorporates by reference herein and relies upon each and every clause, provision or term set forth in the subject policy of insurance which forms the basis of the Plaintiff's Complaint, as a complete and affirmative defense to the claims set forth herein.

### ELEVENTH DEFENSE

That the damages claimed by the Plaintiff are the result, in whole or in part, of pre-existing medical conditions or prior injuries and therefore not causally connected to the subject accident.

### TWELFTH DEFENSE

That the damages claimed by the Plaintiff are the result of her own or her representative's actions, including but not limited to comparative or contributory negligence.

### THIRTEENTH DEFENSE

1.      That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 1 of the Plaintiff's Complaint and therefore denies same.

2.      That this answering Defendant admits the allegations contained in numerical paragraph 2 of the Plaintiff's Complaint.

3.      That this answering Defendant lacks sufficient knowledge or information to form

ANS : 000003 of 000009

a belief as to the allegations contained in numerical paragraph 3 of the Plaintiff's Complaint and therefore denies same.

4.      That this answering Defendant admits the allegations contained in numerical paragraph 4 of the Plaintiff's Complaint.

5.      That this answering Defendant admits the allegations contained in numerical paragraph 5 of the Plaintiff's Complaint.

6.      That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 6 of the Plaintiff's Complaint and therefore denies same.

7.      That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 7 of the Plaintiff's Complaint and therefore denies same.

8.      That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 8 of the Plaintiff's Complaint and therefore denies same.

9.      That this answering Defendant admits the allegations contained in numerical paragraph 9 of the Plaintiff's Complaint to the extent the liability carrier of the other driver offered the policy limits of that policy to the Plaintiff in 2014.  That this answering Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in numerical paragraph 9 of the Plaintiff's Complaint and therefore denies same.

10.     That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 10 of the Plaintiff's Complaint and therefore denies same.

ANS : 000004 of 000009

11.    That this answering Defendant admits the allegations contained in numerical paragraph 11 of the Plaintiff's Complaint.

12.    That this answering Defendant admits the allegations contained in numerical paragraph 12 of the Plaintiff's Complaint.

13.    That this answering Defendant admits the allegations of numerical paragraph 13 of the Plaintiff's Complaint to the extent it states that she was an insured under insurance policy 022-1222-A05-17G.  This Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in numerical paragraph 13 of the Plaintiff's Complaint and therefore denies same.

14.    That this answering Defendant admits the allegations contained in numerical paragraph 14 of the Plaintiff's Complaint.

15.    That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 15 of the Plaintiff's Complaint and therefore denies same.

16.    That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 16 of the Plaintiff's Complaint and therefore denies same.

17.    That this answering Defendant admits the allegations of numerical paragraph 17 of the Plaintiff's Complaint subject to applicable law and the terms, conditions and policies of the subject policy.

18.    That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in the second numerical paragraph 18 of the Plaintiff's Complaint and therefore denies same.

19.     That this answering Defendant denies the allegations contained in numerical paragraph 19 of the Plaintiff's Complaint.

20.     That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 20 of the Plaintiff's Complaint and therefore denies same.

21.     That this answering Defendant denies the allegations contained in numerical paragraph 21 of the Plaintiff's Complaint.

22.     That this answering Defendant denies the allegations contained in numerical paragraph 22 of the Plaintiff's Complaint.

23.     That this answering Defendant denies the allegations contained in numerical paragraph 23 of the Plaintiff's Complaint.

24.     That this answering Defendant denies the allegations contained in numerical paragraph 24, including all of its sub-parts, of the Plaintiff's Complaint.

25.     That this answering Defendant denies the allegations contained in numerical paragraph 25 of the Plaintiffs' Complaint.

26.     That this answering Defendant denies the allegations contained in numerical paragraph 26 of the Plaintiffs' Complaint.

27.     That this answering Defendant denies the allegations contained in numerical paragraph 27 of the Plaintiff's Complaint.

28.     That this Defendant denies each and every allegation or claim not heretofore expressly admitted.

### FOURTEENTH DEFENSE

1.     That this answering Defendant pleads each and every provision set forth in

ANS : 000006 of 000009

KRS 411 as a complete and affirmative defense to this action.

2.      That any recovery for punitive damages in this case is barred in that same would constitute a taking of property without due process of law and cruel and unusual punishment in violation of the Constitution of the laws of the United States of America and the Commonwealth of Kentucky.  Furthermore, any claim for punitive damage should be dismissed as being violative of the United States Constitution, including, but not limited to, the Fifth and Eighth Amendments as applied to the states through the Fourteenth Amendment of the United States Constitution.

3.      That KRS 304, et seq. and the Kentucky Punitive Damages Statute bar any action against this Defendant.

4.      That the claims of the Plaintiff for punitive damages against this Defendant should be dismissed because a jury under Kentucky law:  (1) Is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damage award; (2) Is not adequately instructed on the limits of punitive damage imposed by the applicable principals of deterrence and punishment; (3) Is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidious discriminatory characteristics, including the residence and wealth of the Defendants; (4) Is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purpose on the basis of an objective standard.  For the above reasons, such an award would violate due process and equal protection rights guaranteed under

ANS : 000007 of 000009

the Fourteenth Amendment to the United States Constitution and the Constitution of the

Commonwealth of Kentucky and the Statutes of the Commonwealth of Kentucky.

    5.    That the Attorney General of the Commonwealth of Kentucky is hereby placed on

notice of the challenge to the constitutionality of K.R.S. 411 et seq.

    WHEREFORE, this Defendant having fully answered respectfully requests that the

Complaint against this Defendant be dismissed, that the Plaintiffs take nothing thereby, for its

costs herein incurred, for trial by jury, for bifurcation of the Plaintiff's claim against this

Defendant from the underlying bodily injury claim and for all other relief to which this Defendant

is entitled.

                        Respectfully submitted,

                        */s/ Darrin W. Banks*
                        Darrin W. Banks (KY #85023)
                        Attorney for:  State Farm Mutual Automobile
                        Insurance Company
                        PORTER, BANKS, BALDWIN & SHAW, PLLC
                        P.O. Drawer 1767
                        Paintsville, Kentucky 41240
                        606-789-3747
                        606-314-0417
                        dbanks@psbb-law.com

**CERTIFICATE OF SERVICE:**

I hereby certify that a copy of the foregoing was electronically filed using the Court's E-Filing
system which will send electronic notice to the following on this the 20th day of November, 2020:

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Attorney for the Plaintiffs*

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808
**ELECTRONICALLY FILED**

LILY BISCHOFF                                                    PLAINTIFFS

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                               DEFENDANTS

NOTICE OF ELECTION TO
RECEIVE ELECTRONIC SERVICE

Undersigned counsel for the Defendant, State Farm Mutual Automobile Insurance Company, gives notice of its election under CR 5.02(2) to receive service electronically, Counsel elects to serve and receive pleadings by email at the following email addresses:

• dbanks@psbb-law.com

• cmodica@psbb-law.com

In accordance with CR 5.02(2), documents to be filed with the clerk should now be electronically served on or before the day of filing to the above email addresses.

Respectfully submitted,

/s/ Darrin W. Banks
Darrin W. Banks (KY #85023)
Attorney for: State Farm Mutual Automobile
Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC
P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-314-0417
dbanks@psbb-law.com

**CERTIFICATE OF SERVICE:**

I hereby certify that a copy of the foregoing was electronically filed using the Court's E-Filing system which will send electronic notice to the following on this the 20ᵗʰ day of November, 2020:

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Attorney for the Plaintiff*

Hon. Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Attorney for the Plaintiff*

*/s/ Darrin W. Banks*
Darrin W. Banks (KY #85023)

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808
**ELECTRONICALLY FILED**

LILY BISCHOFF                                                     PLAINTIFFS

-vs-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                 DEFENDANTS

NOTICE OF SERVICE

The Court is hereby Notified that on the 1st day of December, 2020 the Defendant,

Defendant, State Farm Mutual Automobile Insurance Company, served the Plaintiff, **LILY**

**BISCHOFF**, with said Request for Admissions, Interrogatories and Request for Production of

Documents.

Respectfully submitted,

/s/ Darrin W. Banks
Darrin W. Banks (KY #85023)
Attorney for: State Farm Mutual Automobile
Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC
P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-314-0417
dbanks@psbb-law.com

**CERTIFICATE OF SERVICE:**

I hereby certify that a copy of the foregoing was electronically filed using the Court's E-Filing system which will send electronic notice to the following on this the 1ST day of December, 2020:

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Attorney for the Plaintiff*

Hon. Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Attorney for the Plaintiff*

/s/ *Darrin W. Banks*
Darrin W. Banks (KY #85023)

## CAMPBELL CIRCUIT COURT

```
ENTERED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
         DEC - 4 2020
TAUNYA NOLAN JACK, CLERK
BY                        D.C.
```

| | | |
|---|---|---|
| **LILY BISCHOFF** | ) | |
| **Plaintiff,** | ) | **NO.  20-CI-808** |
| -vs- | ) | **NOTICE OF DISCOVERY CONFERENCE** |
| **STATE FARM INS.** | ) | |
| **Defendant.** | ) | |

Pursuant to Civil Rule 90, Economical Litigation Project, you are notified

that a Discovery Conference is set for December 17, 2020 at  9:00 a.m., in Courtroom

Division One of the Campbell Circuit Court at Newport, KY.

**At that time, counsel shall be present and prepared to set a Pretrial**

**Conference date and a Trial date.**Said meeting will take place via Zoom unless

otherwise notified.  The Zoom meeting identification code is  9396810 2816

Attorneys must attend by Zoom unless they lack the capabilities to do so.  If an attorney

cannot attend by Zoom, he/she must call Judge Ward's office.  Pro se litigants will be

permitted to come inside the courthouse if they do  not have the capabilities to participate

by Zoom.

DATED: 12.3.20

JULIE REINHARDT WARD,  Judge

CC:  Counsel of Record

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
CIVIL ACTION NO. 20-CI-00808
DIVISION NO. I
*ELECTRONICALLY FILED*

LILY BISCHOFF                                                    PLAINTIFF

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                          DEFENDANT

---

## MOTION TO REMOVE CASE FROM ECONOMIC LITIGATION DOCKET

Comes now the Defendant, State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), by and through counsel, and moves the Court for an Order removing this action from the Economic Litigation Docket ("ELD"), or alternatively, substantially extending the ELD deadlines and discovery restrictions.  In support of same this Defendant states as follows:

The subject action is a bad-faith claim arising from an underinsured motorist (UIM) claim litigated by the Plaintiff in Hamilton County Court of Common Pleas, Case No A1800748. , Hamilton County, Ohio. That claim arose from an automobile accident which occurred in Hamilton County, Ohio on December 17, 2014.  That action resulted in a final settlement between the Parties on or about December 5, 2019 and dismissal of that action, on or about January 14, 2020.   In the subject case, the Plaintiff has made claims against State Farm for alleged bad faith and violation of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), K.R.S. 304.12-230 and 304.12-235 in the handling of that Ohio claim.  This Defendant respectfully submits that this action should be removed from the Economic Litigation

MOT : 000001 of D00004

Docket (ELD), or alternatively, that this Court make exceptions to the normal ELD rules which will be necessary to allow the parties a reasonable opportunity to fully investigate and litigate the complex legal and factual issues which are material to the Plaintiff's bad faith/extra-contractual claims.

The Kentucky Rules of Civil Procedure created the Economic Litigation Docket as a means to expedite resolution of certain classes of cases which, under normal circumstances, are capable of early resolution without significant delay. Specifically, CR 89(a) provides the economic litigation docket shall consist of all cases falling substantially within the following categories: (1) contracts; (2) personal injury; (3) property damages; (4) property rights; (5) termination of parental rights. As bad faith claims may arise out of a contract of insurance, they are necessarily "extra-contractual" in nature as they are contract claims sounding in tort, wherein the Plaintiff seeks to recover compensatory and punitive damages outside the contract.[1] Because of the hybrid nature of bad faith/extra-contractual actions, they typically are far more complex than either tort or contract claims alone, requiring significantly more written discovery and depositions than normal cases. Extensions or modifications of the general ELD deadlines (as sought herein) are anticipated by CR 90(2), which provides that such motions should be heard at the Discovery and Status Conference, to ensure that the deadlines "meet the needs of the individual case". CR 90(1).

Examples of the problematic limitations created by the ELD rules are reflected in the significant restrictions on the discovery process including limiting depositions to parties only (CR 93.01), limiting the number of interrogatories (CR 93.02) and curtailing the response time

---

[1] An issue which will need to be addressed by this Court at an early stage will be whether the handling of the UIM claim will be judged under Kentucky or Ohio substantive claim handling law as the subject policy was issued in Kentucky but the accident upon which that claim was based, occurred in Ohio.

for production of documents to fifteen days (CR 93.03). In the subject action, discovery depositions of numerous non-party witnesses will be required. This Defendant anticipates that each party will present two (2) to four (4) experts, including valuation, claim handling, and damage experts. It is also anticipated that non-party depositions will be taken of the plaintiff and defense attorneys from the underlying UIM action, medical experts, claim professionals, and witnesses who will testify as to the damages of the Plaintiff. Moreover, thousands of pages of documents are likely to be sought through written discovery which will likely require additional response time than the fifteen (15) days contemplated by CR 93.03. Obviously, the sheer volume of the work anticipated to adequately prepare this case for trial will require a great deal of time and effort beyond that contemplated by the ELD standard rules

Based on the foregoing, this Defendant states that the subject action is not the type of case for which the ELD was designed, thereby warranting either removal of this action from the ELD or substantial revision in the ELD deadlines.

WHEREFORE, the Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests an appropriate order of this Court either removing this case from the Economic Litigation Docket or, alternatively, that this Court take exceptions to the normal Economic Litigation Docket rules. If this motion is granted, it is anticipated by the Undersigned that the Parties can reach a mutual agreement as to a scheduling order outside the parameters of the ELD deadlines.

Respectfully submitted,

/s/ Darrin W. Banks
Darrin W. Banks (KY #85023)
Attorney for: State Farm Mutual Automobile
Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC

Filed       20-CI-00808     12    2020       Taunya Nolan Jack, Camp   l Circuit Clerk

P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-314-0417
dbanks@psbb-law.com

## NOTICE

The parties herein will please take notice that the foregoing Motion will be brought on for hearing before Campbell Circuit Court on **December 17, 2020** at the hour of **9:00 a.m.** or soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE:

I hereby certify that a copy of the foregoing was electronically filed using the Court's E-Filing system which will send electronic notice to the following on this the 11TH day of December, 2020:

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Attorney for the Plaintiff*

Hon. Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Attorney for the Plaintiff*

*/s/ Darrin W. Banks*
Darrin W. Banks (KY #85023)

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL CIRCUIT COURT**
**CIVIL ACTION NO. 20-CI-00808**
**DIVISION NO. I**
***ELECTRONICALLY FILED***

LILY BISCHOFF                                                          PLAINTIFF

vs.

STATE FARM AUTOMOBILE
MUTUAL INSURANCE COMPANY                                    DEFENDANT

---

## ORDER

---

This matter having come on for hearing upon motion of the Defendant, State Farm

Automobile Mutual Insurance Company, to remove this case from the Economic Litigation

Docket of this Court, and the Court being otherwise fully and sufficiently advised;

IT IS HEREBY ORDERD, that the Motion to Remove this case from Economic

Litigation Docket is SUSTAINED and this case BE AND HEREBY IS removed from the

Economic Litigation Docket.

Dated this _____ day of _____, 20_____.

_____
JUDGE, CAMPBELL CIRCUIT COURT

**CLERK'S DISTRIBUTION:**

Hon. Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240

Hon. Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011

Hon. Darrin W. Banks
Porter, Banks, Baldwin & Shaw
P. O. Drawer 1767
Paintsville, KY  41240

_____
CAMPBELL CIRCUIT COURT CLERK

## CAMPBELL CIRCUIT COURT

### DIVISION NO. ONE

LILY BISCHOFF                    )

   Plaintiff,           )  NO.   20CI--808

-vs-       ) <u>NOTICE OF DISCOVERY CONFERENCE</u>

STATE FARM MUTUAL INS CO.

   Defendant.           )

---

   Pursuant to Civil Rule 90, Economical Litigation Project, you are notified

that a **CONTINUED** Discovery Conference is set for March 25, 2021 at  9:00 a.m., in

Courtroom Division One of the Campbell Circuit Court at Newport, KY.

   <u>**At that time, counsel shall be present and prepared to set a Pretrial**</u>

<u>**Conference date and a Trial date.**</u>

DATED: 12-21-20

           JULIE REINHARDT WARD, Judge

CC:  Counsel of Record

ENTERED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
DEC 2 3 2020
TAUNYA NOLAN JACK, CLERK
BY_____ D.C.

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL CIRCUIT COURT**
**CIVIL ACTION NO. 20-CI-00808**
**DIVISION NO. I**

**LILY BISCHOFF**                                                                            **PLAINTIFF**

**V.**

**STATE FARM MUTUAL AUTOMOBILE**                                        **DEFENDANT**
**INSURANCE COMPANY**

_____

**NOTICE OF SERVICE OF DISCOVERY**

_____

Please take notice that on December 17th, 2020, the Plaintiff, Lily Bischoff, by and through

her undersigned counsel, served Discovery requests upon the Defendant, State Farm. The

Discovery served is pursuant to the Kentucky Rules of Civil Procedure 33 and 34.

Respectfully Submitted,

/s/ Kyle R. Sayler
Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Tel: 606-789-1135
Kyle.salyer@kentuckycourage.com

/s/ Martin S. Summe
Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
Tel. (859) 491-2593
Fax (859) 479-0188
*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to hereby certify that the foregoing was sent on December 17th, 2020 to the following:

Darrin Banks
Porter, Banks, Baldwin & Shaw, PLLC
P.O. Box Drawer 1767
Paintsville, KY 41240
<u>dbanks@psbb-law.com</u>

<u>/s/ Martin S. Summe</u>
Martin S. Summe

C1D8A18B-98FE-4C05-A055-655B2356D057 : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL CIRCUIT COURT**
**CIVIL ACTION NO. 20-CI-00808**
**DIVISION NO. I**

**LILY BISCHOFF**                                                                                   **PLAINTIFF**

**V.**

**STATE FARM MUTUAL AUTOMOBILE**                                      **DEFENDANT**
**INSURANCE COMPANY**

_____

**NOTICE OF SERVICE OF DISCOVERY ANSWERS**

_____

Please take notice that on January 12th, 2021, the Plaintiff, Lily Bischoff, by and through

her undersigned counsel, Answered the Defendant, State Farm request for admission.

Respectfully Submitted,

/s/ Martin S. Summe
Martin S. Summe
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
Tel. (859) 491-2593
Fax (859) 479-0188
*Attorneys for the Plaintiffs*

Kyle R. Sayler
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Tel: 606-789-1135
Kyle.salyer@kentuckycourage.com

4D00E7A3-07AE-437B-B49C-F235FF43FFDA : 000001 of 000003

NO : 000001 of 000003

## **CERTIFICATE OF SERVICE**

This is to hereby certify that the foregoing was sent on January 12th, 2020 to the following:

Darrin Banks
Porter, Banks, Baldwin & Shaw, PLLC
P.O. Box Drawer 1767
Paintsville, KY 41240
dbanks@psbb-law.com

/s/ Martin S. Summe
Martin S. Summe

2

4D00E7A3-07AE-437B-B49C-F235FF43FFDA : 000003 of 000003

NO : 000003 of 000003

3

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808

LILY BISCHOFF                                                                    PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE                                   DEFENDANT
INSURANCE COMPANY

_____

## AGREED PROTECTIVE ORDER

_____

At the request of the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), for a Protective Order before disclosing certain allegedly confidential documents and information, **IT IS HEREBY ORDERED**:

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with Rule 26(1) of the Kentucky Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Mutual Automobile Insurance Company (including its employees) or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

1

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation captioned *Lily Bischoff v. State Farm Mutual Automobile Insurance Company*; in Campbell Circuit Court, Case No. 20-CI-00808 their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order as provided in paragraph 17 below; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and

2

shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof.  Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   A. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   B. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

3

C.   For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN Civil Action No. 20-CI-00808". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN Civil Action No. 20-CI-00808" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

D.   At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

4

7.  Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

   a.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

   b.  Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a. above. If a retroactive designation is provided to the receiving party, the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to

have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

   a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

   b. The date of the disclosure.

   c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

   a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

   b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in

exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c.     Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.     The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony,

7

and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

   a.   The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as **Exhibit A**.

   b.   The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any party that seeks to place Confidential Information, or extracts, summaries, or information derived therefrom, in the court record shall bring a motion in accordance with CR 26.03(1)(g).

17. At a hearing or the trial in this matter, if any party seeks to offer or introduce documents that are Confidential Information, or that contain extracts, summaries, or information derived therefrom, or if any party seeks to elicit testimony or refer to any such Confidential Information, such documents, testimony, or information shall be filed or submitted to the Court pursuant to CR

9

26.03(1)(g). At that time, the Court shall make a decision as to whether to list the Confidentiality of said document or otherwise protect and retain its confidentiality.

18. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production. The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

19. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a.   Any party's right to object to any discovery requests on any ground.

   b.   Any party's right to seek an order compelling discovery with respect to any discovery request.

   c.   Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d.   The status of any material as a trade secret.

   e.   Any party's right to use the documents produced pursuant to this order at the trial of this cause.

20. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

21. Within forty-five (45) business days after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

Nothing in this Paragraph shall affect or impair the producing party's rights in respect to its own Confidential Information. Further, nothing in this Order shall prohibit, restrict, or require an authorization for State Farm's retention, use, or disclosure of Confidential Information as authorized or as reasonably required by federal or state law or regulation, or court order or rule, or to meet internal administrative or business requirements.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
JUDGE, CAMPBELL CIRCUIT COURT

AGREED TO:

/s/   *Kyle Salyer   (signed by permission-DWB*)
Kyle Salyer, Esq.
Attorney for Plaintiff


/s/   *Darrin W. Banks*
Darrin W Banks, Esq.
Attorney for, State Farm Mutual Automobile
Insurance Company


## CLERK'S DISTRIBUTION

This will certify that on this_____ day of_____, 2021, a copy of the foregoing

was served upon via U.S. Mail upon the following:


Kyle R. Sayler, Esq.
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Counsel for the Plaintiff, Lily Bischoff*

Martin S. Summe, Esq.
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Counsel for the Plaintiff, Lily Bischoff*

Darrin W. Banks, Esq.
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
dbanks@psbb-law.com
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*


_____
CLERK, CAMPBELL CIRCUIT COURT

## Exhibit A

### NONDISCLOSURE AGREEMENT

I, _____ (PRINT NAME), do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Lily Bischoff v. State Farm Mutual Automobile Insurance Company,* Commonwealth of Kentucky, Campbell Circuit Court, Division No. I, Civil Action No. 20-CI-00808, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I understand that Confidential Information, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by this Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in the proceeding in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Confidential Information will be returned to counsel who provided me with such Confidential Information.

I consent to the jurisdiction of this Court for purposes of enforcing this Order.

Executed this _____ day of _____, 20___, at _____, Kentucky.

Dated: _____

By: _____

Signature: _____

Title: _____

Address: _____

City, State, Zip: _____

ENTERED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
MAR 15 2021
TAUNYA NOLAN JACK, CLERK
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808

LILY BISCHOFF                                                        PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE                                        DEFENDANT
INSURANCE COMPANY

## AGREED PROTECTIVE ORDER

At the request of the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), for a Protective Order before disclosing certain allegedly confidential documents and information, **IT IS HEREBY ORDERED**:

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with Rule 26(1) of the Kentucky Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Mutual Automobile Insurance Company (including its employees) or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

1

TD · 000001 of 000013

2.  "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3.  The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation captioned *Lily Bischoff v. State Farm Mutual Automobile Insurance Company*; in Campbell Circuit Court, Case No. 20-CI-00808 their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order as provided in paragraph 17 below; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4.  Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and

2

TD : 000002 of 000013

shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   A. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   B. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

3

TD : 000003 of 000013

Tendered        20-CI-00808        03/11/2021        Taunya Nolan Jack, Campbell Circuit Clerk

C.      For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN Civil Action No. 20-CI-00808". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN Civil Action No. 20-CI-00808" if such legend does not already appear in the file name.  Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

D.      At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

4

TD : 000004 of 000013

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

    a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

    b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a. above. If a retroactive designation is provided to the receiving party, the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to

TD : 000005 of 000013

have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

    a.    The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

    b.    The date of the disclosure.

    c.    A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

    a.    With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

    b.    Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in

6

exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c.    Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony,

7

and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

    a.    The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as **Exhibit A**.

    b.    The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

8

TD  000008 of 000013

Tendered   20-CI-00808   03/11/2021   Taunya Nolan Jack, Campbell Circuit Clerk

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any party that seeks to place Confidential Information, or extracts, summaries, or information derived therefrom, in the court record shall bring a motion in accordance with CR 26.03(1)(g).

17. At a hearing or the trial in this matter, if any party seeks to offer or introduce documents that are Confidential Information, or that contain extracts, summaries, or information derived therefrom, or if any party seeks to elicit testimony or refer to any such Confidential Information, such documents, testimony, or information shall be filed or submitted to the Court pursuant to CR

9

TD : 000009 of 000013

26.03(1)(g). At that time, the Court shall make a decision as to whether to list the Confidentiality of said document or otherwise protect and retain its confidentiality.

18. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production. The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

19. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a.  Any party's right to object to any discovery requests on any ground.

   b.  Any party's right to seek an order compelling discovery with respect to any discovery request.

   c.  Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d.  The status of any material as a trade secret.

   e.  Any party's right to use the documents produced pursuant to this order at the trial of this cause.

20. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

TD : 000010 of 000013

21. Within forty-five (45) business days after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

Nothing in this Paragraph shall affect or impair the producing party's rights in respect to its own Confidential Information. Further, nothing in this Order shall prohibit, restrict, or require an authorization for State Farm's retention, use, or disclosure of Confidential Information as authorized or as reasonably required by federal or state law or regulation, or court order or rule, or to meet internal administrative or business requirements.

IT IS SO ORDERED this ___15___ day of ___March___, 2021.

_____
JUDGE, CAMPBELL CIRCUIT COURT

11

AGREED TO:

/s/   *Kyle Salyer*   *(signed by permission-DWB)*
Kyle Salyer, Esq.
Attorney for Plaintiff


/s/   *Darrin W. Banks*
Darrin W Banks, Esq.
Attorney for, State Farm Mutual Automobile
Insurance Company


## CLERK'S DISTRIBUTION

This will certify that on this __15__ day of __March__, 2021, a copy of the foregoing

was served upon via U.S. Mail upon the following:

Kyle R. Sayler, Esq.
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
Kyle.salyer@kentuckycourage.com
*Counsel for the Plaintiff, Lily Bischoff*

Martin S. Summe, Esq.
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
summemlaw@gmail.com
*Counsel for the Plaintiff, Lily Bischoff*

Darrin W. Banks, Esq.
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
dbanks@psbb-law.com
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*

_Taunya Nolan Jack_ BN D.C.
CLERK, CAMPBELL CIRCUIT COURT

12

Tendered    20-CI-00808    03/11/2021    Taunya Nolan Jack, Campbell Circuit Clerk

## Exhibit A

### NONDISCLOSURE AGREEMENT

I, _____ (PRINT NAME), do solemnly swear that I am fully familiar with

the terms of the Protective Order entered in *Lily Bischoff v. State Farm Mutual Automobile Insurance*

*Company,* Commonwealth of Kentucky, Campbell Circuit Court, Division No. I, Civil Action No. 20-CI-

00808, and agree to comply with and be bound by the terms and conditions of said Order unless and until

modified by further Order of this Court.

I understand that Confidential Information, as defined in the Protective Order, including any notes or

other records that may be made regarding any such materials, shall not be disclosed to anyone except as

expressly permitted by this Protective Order. I will not copy or use, except solely for the purposes of this

Proceeding, any Confidential Information obtained pursuant to this Stipulated Protective Order, except as

provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in the

proceeding in a secure manner, and that all copies of such Confidential Information are to remain in my

personal custody until termination of my participation in this proceeding, whereupon the copies of such

Confidential Information will be returned to counsel who provided me with such Confidential Information.

I consent to the jurisdiction of this Court for purposes of enforcing this Order.

Executed this _____ day of _____, 20___, at _____, Kentucky.

Dated: _____

By:            _____
Signature:     _____
Title:         _____
Address:       _____
City, State, Zip: _____

TD : 000013 of 000013

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808

**\*\*ELECTRONICALLY FILED\*\***

LILY BISCHOFF                                                    PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE                    DEFENDANT
INSURANCE COMPANY

---

### NOTICE OF FILING

---

The Court is hereby notified that on the 18th day of March 2021, the Defendant, **State Farm Mutual Automobile Insurance Company**, filed its Answers to Interrogatories and Responses to Requests for Production of Documents propounded by the Plaintiff, Lily Bischoff, upon Plaintiff's counsel.


Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC


_/s/ Darrin W. Banks_                                    .
Darrin W. Banks
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone:  (606) 789-3747
Facsimile:   (606) 314-0417
dbanks@psbb-law.com
_Counsel for Defendant, State Farm Mutual_
_Automobile Insurance Company_

1

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was electronically filed with the Clerk of this Court

using the Kentucky Courts eFiling system, which will send notification of such filing to all parties

registered to receive electronic filings and that a true and accurate copy of the foregoing document

was also served via U.S. mail and/or email upon the following:

Kyle R. Sayler, Esq.
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
<u>Kyle.salyer@kentuckycourage.com</u>
*Counsel for the Plaintiff, Lily Bischoff*

Martin S. Summe, Esq.
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
<u>summemlaw@gmail.com</u>
*Counsel for the Plaintiff, Lily Bischoff*

**<u>Original e-filed with</u>**:

Clerk of the Court
Campbell Circuit Court
330 York Street - Suite 8
Newport, KY 41071

This the 18th  day of March 2021.

*//s// Darrin W. Banks*                            .
Darrin W. Banks
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 20-CI-00808

***ELECTRONICALLY FILED***

LILY BISCHOFF                                                           PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE                              DEFENDANT
INSURANCE COMPANY

---

## NOTICE OF SERVICE

---

The Court is hereby notified that on the 23rd day of March 2021, the Defendant, **State Farm Mutual Automobile Insurance Company**, served its First Supplemental Answers to Interrogatories and Responses to Requests for Production of Documents propounded by the Plaintiff, Lily Bischoff, upon Plaintiff's counsel.

Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC

*/s/ Darrin W. Banks                                          .*
Darrin W. Banks
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone:  (606) 789-3747
Facsimile:  (606) 314-0417
dbanks@psbb-law.com
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*

1

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was electronically filed with the Clerk of this Court using the Kentucky Courts eFiling system, which will send notification of such filing to all parties registered to receive electronic filings and that a true and accurate copy of the foregoing document was also served via U.S. mail and/or email upon the following:

Kyle R. Sayler, Esq.
Morgan, Collins, Yeast & Sayler
PO Box 2213
455 2nd Street
Paintsville, KY 41240
<u>Kyle.salyer@kentuckycourage.com</u>
*Counsel for the Plaintiff, Lily Bischoff*

Martin S. Summe, Esq.
Summe & Summe, PSC
19 West Eleventh Street
Covington, KY 41011
<u>summemlaw@gmail.com</u>
*Counsel for the Plaintiff, Lily Bischoff*

**Original e-filed with**:

Clerk of the Court
Campbell Circuit Court
330 York Street - Suite 8
Newport, KY 41071

This the 23rd day of March 2021.

*//s// Darrin W. Banks*                          .
Darrin W. Banks
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*

**CAMPBELL CIRCUIT COURT**
**DIVISION NO. ONE**

ENTERED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
MAR 2 6 2021
TAUNYA NOLAN JACK, CLERK
BY _____ D.C.

**LILY BISCHOFF**

       **Plaintiff,**

  -vs-

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

       **Defendant.**

NO.  20-CR-808

**ORDER**

    This matter was before the Court on March 25, 2021. The Court, being sufficiently advised;

    **IT IS ORDERED** that the matter is set for a **Pretrial Conference** on September 23, 2021 at 9:00 a.m.  The parties must comply with Civil Rule 93.04.  All Motions for summary judgment must be filed at least 10 days prior to the pretrial conference.  If a motion for summary judgment is noticed for the pretrial conference, responses are due 10 days after the pretrial conference.  Replies are due 7 days thereafter.

    There will be **no continuance** of the above date, with the exception of extraordinary circumstances and with approval from the Court...  The Court expects to be promptly advised of issues that arise, such as failure to comply with requests for discovery.

    **Counsel is reminded that failure to comply   with all provisions of this Order may result in severe sanctions being imposed.**

    DATE: March 25, 2021.

                         JULIE REINHARDT WARD, Judge

CC:  Counsel of Record

Filed          20-CI-00808      05/03/2021          Taunya Nolan Jack, Campbell Circuit Clerk

C887E50C-8F7D-4D64-A480-BC3D6C5E3256 : 000001 of 000002

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL CIRCUIT COURT**
**DIVISION NO. I**
**CIVIL ACTION NO. 20-CI-00808**

**LILY BISCHOFF**                                                           **PLAINTIFFS**

**-vs-**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                              **DEFENDANTS**

---

**PLAINTIFFS RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS**

---

      Comes the Plaintiff, Lily Bischoff, by and through counsel, and answers the Defendant's

request for admission:

      **REQUEST NO. 1:** Please admit or deny that the amount in controversy for the claim

filed by Plaintiff against Defendant for bad faith and/or violation of the Kentucky Unfair Claims

Settlement Practices Act, including statutory interest and attorney fees, exceeds $75,000.

**ANSWER**:

**ADMIT.**

                      Respectfully Submitted,

                      /s/ Kyle R. Salyer
                      Kyle R. Salyer
                      Morgan, Collins, Yeast & Salyer
                      PO Box 2213
                      455 2nd Street
                      Paintsville, KY 41240
                      Tel: 606-789-1135
                      Kyle.salyer@kentuckycourage.com

NF : 000001 of 000002

Martin S. Summe
**Summe & Summe, PSC**
19 West Eleventh Street
Covington, KY 41011
Tel. (859) 491-2593
Fax (859) 479-0188
*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to hereby certify that the foregoing was sent on May 3, 2021 to the following:

Darrin Banks
Porter, Banks, Baldwin & Shaw, PLLC
P.O. Box Drawer 1767
Paintsville, KY 41240
dbanks@psbb-law.com

/s/ Martin S. Summe
Martin S. Summe